IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:23 CR 113 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **RISHAD WILLIAMS,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Defendant Rishad Williams is charged with two counts of felon in possession of a firearm in the Superseding Indictment. (Doc. 13). These charges are based on Williams's alleged possession of two different firearms in January 2023 and March 2023, respectively, despite a prior conviction of felonious assault in 2015. *Id.*

Williams moves this Court to dismiss the Superseding Indictment in its entirety. (Doc. 27). The Government responds in opposition (Doc. 28). For the reasons set forth below, Williams's motion is denied.

### DISCUSSION

Williams argues 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). The Government opposes the Motion three ways: (1) Sixth Circuit precedent requires a finding that felon dispossession laws are constitutional, (2) the Court can deny Williams's motion on the merits because the Second Amendment permits disarmament of non-law-abiding

citizens, and (3) Section 922(g)(1) is constitutional as applied to Williams due to his dangerous criminal history.

Under *Bruen*, the Supreme Court stated the Government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. But *Bruen* also reiterated that "the right to bear commonly used arms in public is subject to certain reasonable, well-defined restrictions." *Id.* at 2156 (citing *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)). In *Heller*, the Supreme Court held the Second Amendment right to keep and bear arms "is not unlimited." 554 U.S. at 595. It stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* In *McDonald v. City of Chicago*, the Supreme Court reiterated *Heller*'s "assurance[]" about the constitutionality of felon-in-possession laws. 561 U.S. 742, 786 (2010).

Prior to *Bruen*, but after *Heller*, binding Sixth Circuit caselaw definitively established that "Congress's prohibition on felon possession of firearms is constitutional". *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010). In several recent unpublished opinions, the Sixth Circuit has described *Carey* and its progeny as still binding law post-*Bruen*. In *United States v. Vaughn*, the court denied a defendant's motion for release pending appeal because he did not raise "substantial questions." 2023 WL 9789018, at *2 (6th Cir.). The defendant was convicted under § 922(g)(1) and asserted that he intended to challenge the denial of his motion to dismiss in which he argued that § 922(g)(1) violates the Second Amendment. *Id.* at *1. In denying his motion for release, the Sixth Circuit concluded that:

> [W]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit. While we have not yet revisited this issue following the Supreme Court's decision in *New York State Rifle &*

> *Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and although there are numerous appeals pending before us that raise the issue, the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it. *See, e.g., United States v. Gleaves*, 2023 U.S. Dist. LEXIS 20328 at *1, 2023 WL 1791866 (M.D. Tenn. Feb. 6, 2023) (collecting cases). *Carey* remains the precedent in this circuit.

*Id*. at *3; *see also In re: Clark*, 2023 U.S. App. LEXIS 30481, *3 (6th Cir.) (stating that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" in denying a § 2255 petition) (quoting *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring)). Although these statements appear in unpublished decisions and thus do not bind the Court, they are persuasive authority that *Carey* remains precedent in the Sixth Circuit as to the constitutionality of § 922(g).

How much *Bruen* changed the landscape of the constitutionality of firearms regulation has been the subject of much litigation across the country. Although not unanimous, the great weight of that resulting persuasive authority, including from other Judges in this District and elsewhere within the Sixth Circuit, concludes that the felon in possession law remains constitutional after *Bruen* and that, at the very least, this Court remains bound by Sixth Circuit precedent on the issue. *See, e.g., United States v. Williams*, 2024 WL 1765584 (N.D. Ohio); *United States v. Gibson*, 2024 WL 1619604 (N.D. Ohio); *United States v. Miller*, 2023 WL 6065116 (N.D. Ohio); *United States v. Jordan*, 2023 WL 4267602 (N.D. Ohio); *United States v. Taylor*, 2023 WL 5957107 (N.D. Ohio). *United States v. Ritz*, No. 22 CR 440 (Doc. 23) (N.D. Ohio Aug. 4, 2023); *see also, e.g., United States v. Carter*, 2023 WL 3319913, at *2 (E.D. Mich.) (holding that, "[a]s a convicted felon, [defendant] is not a 'law-abiding citizen' who can access the privileges of the Second Amendment", and that "the Court is bound by [*United States v.*] *Carey*[, 602 F.3d 738, 741 (6th Cir. 2010)], which unambiguously upholds felon-in-possession statutes"); *United States v. Wilkins*, 2023 WL 6050571 (E.D. Ky.); *United States v.*

3

*Parker*, 2023 WL 3690247, at *2 (W.D. Ky.) ("This issue has been examined by several courts in this Court's sister district. Each concluded the same thing: § 922(g)(1) is constitutional, even post-*Bruen*.")

This Court agrees with those who have so held, and also agrees with the Eighth Circuit Court of Appeals' analysis in *United States v. Jackson*:

> We conclude that the district court was correct that § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570 . . . (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626 . . . ; *see McDonald v. City of Chicago*, 561 U.S. 742, 786 . . . (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 142 S. Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

69 F.4th 495, 501-02 (8th Cir. 2023) (footnote omitted). The Court further agrees with the recent analysis by the Tenth Circuit Court of Appeals that:

> Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of "shall-issue" regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate [prior Circuit Court precedent finding constitutional a ban on felons' possession of firearms]."

*Vincent v. Garland*, 80 F.4th 1197, 1200 (10th Cir. 2023).

Unless and until the Sixth Circuit or the Supreme Court hold otherwise, the Court finds it is bound by precedent and 18 U.S.C. § 922(g) remains constitutional, particularly as applied to Williams.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

4

ORDERED that Williams' Motion to Dismiss the Superseding Indictment (Doc. 27) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2024